# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-161V
UNPUBLISHED

|  |  |
|---|---|
| DESTINY RAMOS, on behalf of her minor deceased child, Y.G.G., <br><br>       Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>       Respondent. | Chief Special Master Corcoran <br><br> September 13, 2024 |

*Jessica Wallace*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 31, 2024, Destiny Ramos filed a petition for compensation on behalf of her minor child, Y.G.G., under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that an influenza vaccine and a hepatitis A vaccine Y.G.G. received on March 1, 2023, caused Y.G.G. to suffer unspecified injuries and resulted in Y.G.G.'s death on April 6, 2023. ECF No. 1.

On August 28, 2024, Petitioner filed a motion for a decision dismissing the petition. ECF No. 19. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

## Relevant Procedural History

Petitioner did not file any supporting documentation with the petition. The PAR Initial Order required Petitioner to file statutorily required medical records and other supporting documentation. ECF No. 5. On March 4, 2024, Petitioner filed a declaration and one set of Y.G.G.'s medical records. ECF No. 6. The declaration stated that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner had been unsuccessful in obtaining Y.G.G.'s autopsy from the medical examiner. Exhibit 1. On July 2, 2024, Petitioner filed documents showing her unsuccessful efforts to obtain ambulance records. ECF No. 15.

On August 28, 2024, Petitioner filed a motion for a decision dismissing the petition stating that an "investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation [on behalf of Y.G.G.] in the Vaccine Program." ECF No. 19 at 1. Petitioner understands that dismissal of the petition would result in a judgment and end all Y.G.G.'s rights in the Vaccine Program. *Id.*

## Grounds for Dismissal

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered an "on-Table" injury – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines within the applicable time frames, or 2) that the vaccinee suffered an injury not listed the Table or outside the applicable time frames, an "off-Table" injury, that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged an off-Table injury, i.e., that influenza and hepatitis A vaccines caused unspecified injuries to Y.G.G. and ultimately resulted in Y.G.G.'s death.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For an off-Table injury, a petitioner must satisfy all three of the elements established by the Federal Circuit in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (2005): "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury."

Petitioner has not submitted any evidence to establish the Althen prongs, such as an expert report proposing a medical theory, let alone specifying the injuries that Y.G.G. suffered before passing away. Moreover, for cases alleging that a vaccine caused death, Petitioner has not filed Y.G.G.'s death certificate or autopsy report as required by 42 U.S.C. § 300aa—11(c)(2) (promulgated as Vaccine Rule 2(c)(2)(A)(ii)).[3] Finally, Petitioner admits in her motion for a decision that she will not be able to prove entitlement to compensation in this case.

---

[3] Additionally, Petitioner filed this vaccine case in a representative capacity on behalf of Y.G.G. but did not file any probate documents to establish herself as the administrator of Y.G.G.'s estate as required by Vaccine Rule 2(c)(2)(C) or did not explain when those documents would be available.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."